CULPEPPER, Judge
(dissenting).
With all due respect, the majority opinion has not discussed or answered plaintiff’s principal argument. The majority states plaintiff’s first contention is “that the (exclusion) clause was not intended to apply to a case where an employee has committed a fraudulent or dishonest act prior to his employment by the insured employer.” This is not correct. Actually, plaintiff concedes that the time of commission of the dishonest act is immaterial. For, the exclusion clause in question expressly states “whether such act be committed before or after the date of employment by the insured.”
Under the clause in question, the crucial time is not when the dishonest act is committed but, instead, when the employer acquires knowledge of the dishonest act. Hence, plaintiff’s principal argument is that the exclusion clause does not apply where the employer had knowledge of the dishonest act before the effective date of the policy. I think the policy is readily susceptible of this construction and is therefore ambiguous.
In the present case the relevant sequence of events is: (1) Walden committed the dishonest act before 1961; (2) plaintiff acquired knowledge of the dishonest act before it employed Walden in November of 1961; (3) the Fidelity bond took effect on July 14, 1962.
The policy states in pertinent part that coverage is excluded “from and after the time that the insured * * * shall have knowledge * * * ” of the dishonest act. The words “shall have knowledge” denote futurity, i. e., a time in the future at which the insured “shall have knowledge.” The word “shall” is in the future tense. It can never denote present or past events. Hence, the policy is readily susceptible of the construction that coverage is excluded *832 only where the insured “shall have knowledge” at some future time after the policy is written. Under this construction, coverage is not excluded where the insured already had knowledge of a dishonest act on the part of one of its employees before the effective date of the policy.
The most important time in this exclusion clause is the time at which the insured acquires knowledge. When speaking of this knowledge, the clause uses the future tense, not the present or the past. An ordinary insured reading this clause could easily interpret it to mean that coverage is excluded only where he learns at some future time after the date of the policy that one of his employees has committed a dishonest act.
For the reasons assigned, I respectfully dissent.